MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
JENNY D. BAYSINGER (SBN: 251014)
jbaysinger@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Amber Pope and the Putative Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER POPE,<br><br>    Plaintiffs,<br><br>vs.<br><br>PRIME NOW, LLC; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. **FAILURE TO PAY OVERTIME**<br>2. **FAILURE TO PROVIDE MEAL AND REST PERIODS**<br>3. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>4. **UNLAWFUL BUSINESS PRACTICES**<br>5. **CIVIL PENALTIES PURSUANT TO LABOR CODE SECTION 2698, ET SEQ.** |

Plaintiff Amber Pope brings this class action against Prime Now, LLC and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the Business and Professions Code.

### PARTIES

1.    Amber Pope ("Plaintiff") is and at all times relevant herein was employed in Los Angeles County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

/ / /

2.     Prime Now, LLC ("Defendant" or "Prime") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 410 Terry Avenue N, Seattle, Washington, which does business in California and throughout the United States.

3.     At all times relevant herein, Prime has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

4.     Prime and Does 1-100 are collectively referred to as Defendants.

5.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).  This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court further has jurisdiction pursuant to 28 U.S.C. § 1332(d) as there is diversity of citizenship between Prime and Pope and the amount in controversy exceeds $5,000,000.  Venue is proper in this court

pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Los Angeles County, California and Plaintiff's place of employment with Prime was within this District.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

8.      Plaintiff was hired by Prime in or around April 2020.

9.      Throughout her employment, Plaintiff was a non-exempt employee.  As such, she was entitled to be paid at least minimum wage for every hour she worked and overtime as appropriate based on her "regular rate of pay."

10.     Throughout her employment, however, Plaintiff and Prime's other non-exempt employees were not paid for overtime based on the appropriate regular rate.

11.     Pope and Prime's other California non-exempt employees were often eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation (such as "surge premiums" and other shift differentials).  **Exhibit A**.

12.     Specifically, Prime paid Pope an additional $2.00 per hour for certain shifts she worked (identified as "Additionalpay" on her wage statements), along with providing "surge premiums" for certain hours that were worked.  These promised amounts were essentially shift premiums paid to incentivize Plaintiff and Prime's other non-exempt employees to work additional hours and/or less desirable shifts.

13.     Throughout Pope's employment, Prime failed to properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt employees.

14.     Specifically, pursuant to its uniform policy, practice and procedure, Prime failed to include commissions, non-discretionary bonuses and other items of compensation when determining Plaintiff and its other non-exempt employees' "regular rate of pay" for purposes of overtime.

15.     For example, during the weekly pay period of May 17-23, 2020, Ms. Pope earned "additional pay of $2.00 for each of the 37.97 hours she worked, earned a "surge premium" of $3.00 for each of 13.50 hours worked, a "surge premium" of $5.00 for 4.50 hours she worked and a rate of $30.00 for 2.83 hours that she worked.  **Exh. A.**  Pope had a total of $750.79 in earnings for 37.97 hours of work, equating to a regular rate of $19.77 and an overtime premium of $9.88 per hour.  Prime Now,

however, only paid Pope at the "overtime premium" rate of $5.63 per hour, significantly less than the premium required by her regular rate. *Id*.

Pope and Prime's other non-exempt employees were frequently denied the opportunity to take off-duty meal periods of at least thirty (30) minutes because job responsibilities would not allow for such. The fact meal periods were not provided is underscored by Prime's payment of meal period premiums to Pope on occasion. Under California law, there is no lawful choice between providing the opportunity for meal periods and paying meal period premiums. *Kirby v. Immoos Fire Protection, Inc.* 53 Cal.4th 1244 (2012).

16. Because of the violations set forth above, and as evidenced in the sample of Plaintiff's wage statements attached hereto as **Exhibit A**, the wage statements furnished by Prime to its non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

        a. The gross wages earned, in violation of section 226(a)(1);
        b. The total hours worked by the employee in violation of section 226(a)(2);
        c. The net wages earned, in violation of section 226(a)(5); and
        d. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

17. Prime was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

18. Prime has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

19. Plaintiff and Prime's other non-exempt California employees, both current and former, have suffered injury as a result of Prime's knowing and intentional failure to comply with California Labor Code section 226(a).

20. Plaintiff and Prime's other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Prime.

21. Plaintiff and Prime's other non-exempt California employees, both current and former, have suffered injury as a result of Prime's knowing and intentional failure to furnish wage statements

accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

22.     Plaintiff and Prime's other non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine their total hours worked from the wage statements furnished by Prime.

23.     Plaintiff and Prime's other non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of Prime's knowing and intentional failure to furnish wage statements accurately showing their total hours worked in violation of California Labor Code section 226(a)(2).

24.     Plaintiff and Prime's other non-exempt California employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Prime.

25.     Plaintiff and Prime's other non-exempt California employees, both current and former, have suffered injury as a result of Prime's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

26.     Plaintiff and Prime's other non-exempt California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Prime.

27.     Plaintiff and Prime's other non-exempt California employees, both current and former, have suffered injury as a result of Allen Distribution's knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

28.     As a result of the failure to properly calculate and pay overtime and doubletime premiums, Prime failed to pay Pope and its other current and former employees whose employment has ended all wages due and owing at the time of separation within the time parameters mandated by Labor Code sections 201 and 202.

29.     From at least four years prior to the filing of this action, Prime has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to pay employees for all hours worked, failing to pay for all overtime hours worked, failing to properly calculate and pay all overtime wages and sick pay due, and failing to provide compliant meal and rest breaks, or to pay the premiums associated therewith, and failure to reimburse for all business expenses.

## COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff seeks to maintain the second cause of action as an "opt-in" collective action pursuant to 29 U.S.C section 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendant were not paid all the overtime they are owed. Plaintiff is a representative of those other current and former employees and are acting on behalf of their interests as well as their own in bringing this action.  These similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff seeks to maintain this action as a class action as to the First through Fourth Causes of Action.  Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative classes which Plaintiff seeks to represent consist of the following:

a.      All current and former non-exempt employees of Prime who earned commissions, non-discretionary bonuses, or other items of compensation and worked overtime during one or more pay periods between December 1, 2016 and the date of trial (the "Regular Rate Class");

b.      All current and former non-exempt California employees of Prime who earned commissions, non-discretionary bonuses, or other items of compensation and

worked overtime during one or more pay periods between December 1, 2016 and the date of trial (the "California Regular Rate Class");

c.    All members of the California Regular Rate Class whose employment with Prime ended at any time between December 1, 2017 and the date of trial (the "California Former Employee SubClass"); and

d.    All members of the California Regular Rate Class who received one or more wage statements between December 1, 2019 through the date of trial (the "California Wage Statement SubClass").

The Regular Rate Class, California Regular Rate Class, California Former Employee SubClass, and California Wage Statement SubClass are collectively referred to as the Class.

32.    The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Defendant employ well over 5,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

33.    This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

34.    There are numerous common questions of law and fact arising out of Defendant's conduct.  This class action focuses on Defendant's systematic: (a) failure to properly calculate and pay overtime/doubletime to their non-exempt employees, (b) failure to pay California employees all wages due and owing at separation; and (c) failure to provide accurate itemized wage statements.

35.    Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

a.    Whether Defendant failed to properly calculate and pay its non-exempt employees' overtime pay in accordance with the requirements of the FLSA;

b.   Whether items of additional remuneration such as "surge premiums" and "additionalpay" were non-discretionary and thus needed to be included in "regular rate of pay";

c.   Whether Defendant failed to properly calculate and pay its non-exempt California employees' overtime pay;

d.   Whether the wage statements Defendant furnished to their California employees comply with Labor Code section 226;

e.   Whether the miscalculations in overtime pay rates resulted in outstanding wages due and owing at separation;

f.   Whether Defendant willfully withheld those wages that were due and owing at separation;

g.   Whether the alleged violations constitute unfair business practices;

h.   Whether the Class is entitled to injunctive relief; and

i.   Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

36.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendant.  Plaintiff's claims are typical of those of the Class because Defendant subjected Plaintiff and each member of the Class to the same violations alleged herein.

37.   The defenses of Defendant, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

38.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due themselves and the other class members.

39.     A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

40.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendant, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

41.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

## FIRST CAUSE OF ACTION
### VIOLATION OF FAIR LABOR STANDARDS ACT AND CALIFORNIA LABOR CODE §§ 510 & 1198
**(Failure to Pay Overtime)**
**Against Defendant on Behalf of the Regular Rate Class and the California Regular Rate Class**

42.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

43.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

44.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

45.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

46.     During the relevant time period, Plaintiff and Defendant's other non-exempt employees regularly worked overtime.

47.     During the relevant time period, Defendant intentionally and willfully failed to pay all overtime wages due to Plaintiff and its non-exempt employees.

48.     Wherefore, Plaintiff and the other members of the Regular Rate Class and California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due and Owing at End of Employment)**
**Against Defendant on Behalf of the California Former Employee SubClass**

49.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

50.     California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

51.     California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

52.     As set forth above, Plaintiff and the other members of the California Regular Rate Class were not properly paid all overtime wages due throughout their respective employments.  As a result, members of the California Former Employee SubClass necessarily had outstanding wages due and owing at the time they separated from employment with Prime; those wages remain outstanding.

53.     As a result, members of the California Former Employee SubClass were not timely paid all of their earned but unpaid wages when their employment with Defendant ended

54.     Wherefore, Plaintiffs and the other members of the California Former Employee SubClass have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226(a)
### (Failure to Furnish Accurate Itemized Wage Statements)
### Against Defendants on behalf of the California Wage Statement Class

55.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

56.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

57.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Labor Code § 226(e)(1).

58.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number. Labor Code § 226(e)(2)(A) and (B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

59.     As set forth above, Defendant intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

60.     Wherefore, Plaintiff and the other members of the California Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***
**(Unfair Business Practices)**
**Against Defendant on behalf of the California Regular Rate Class**

61.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

62.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate and pay all overtime wages.

63.     Wherefore, Plaintiff and the other members of the California Regular Rate Class, the Regular Rate Class have been damaged as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 2698 ET SEQ.**
**(Private Attorneys General Act)**
**Against Defendant**

64.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65.     Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

66.     Plaintiff was employed by Defendant and the alleged violations were committed against her during her time of employment.  Plaintiff is therefore aggrieved employees as defined by Labor Code section 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendant.

67.     On June 8, 2020, Pope sent a letter to Prime and the LWDA identifying specific provisions of the Labor Code alleged to have been violated by Prime, along with the facts and theories supporting those alleged violations.  See **Exhibit B**.  Specifically, Pope asserted that Prime violated Labor Code sections 201-203, 204, 226, 226.7, 510, and 512.

68.     As of the filing of this Complaint, which is more than 65 days following June 8, 2020, the LWDA has not provided any indication of its intention to investigate the Labor Code allegations outlined in Exhibit B.  None of the alleged violations have been cured as specified in Labor Code section 2699.3.

69.     Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one

hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

70.     Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

71.     As set forth above, Defendant violated the California Labor Code by, inter alia, failing to properly pay overtime, failing to provide compliant meal breaks, failing to timely pay wages, and failing to furnish accurate itemized wage statements.

72.     Wherefore, Plaintiff and the other aggrieved employees have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

**As to the First through Fourth Causes of Action:**

1.     That this Court certify the Classes and SubClasses identified in paragraph 31;

2.     That this Court appoint Plaintiff as the representative of the Class;

3.     That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.     That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5.     That this Court award injunctive relief, including that available under 29 U.S.C. § 217, Labor Code §§ 226(h) and 248.5(e), and Business and Professions Code § 17203;

6.     That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code §§ 203, 226, 226.7, 512 and 1194.2;

7.     That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e)(1), 226(h), 248.5(e), and 1194, as well as Code of Civil Procedure § 1021.5;

8.      That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

**As to the Fifth Cause of Action:**

1.      For civil penalties, including but not limited to those available under Labor Code §§ 210, 226.3, 558 and 2699(f);

2.      For statutory attorneys' fees and costs, including but not limited to those available under Labor Code § 2699(g);

3.      For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code §§ 3287(a) and 3289(b), and Labor Code § 218.6; and

4.      For such other and further relief as the court deems just and proper.

**DATED:** December 1, 2020                              **MAYALL HURLEY P.C.**


By_____*/ s / Robert J. Wasserman*_____
                                        ROBERT J. WASSERMAN
                                        JENNY D. BAYSINGER
                                        Attorneys for Plaintiff and the Putative Class

# EXHIBIT A

AUL   081145  100500  8003   0000234336   1

4182-0015

# Earnings Statement

ADP

PRIME  NOW  LLC
ATTN:  AMAZON  PAYROLL
202 WESTLAKE  AVE  N
SEATTLE,  WA 98109

| | |
|---|---|
| Period Beginning: | 05/17/2020 |
| Period Ending: | 05/23/2020 |
| Pay Date: | 05/29/2020 |

**AMBER  POPE**
**1212  W  124TH  ST**
**LOS  ANGELES  CA  90044**

Filing Status: Single/Married  filing separately
Exemptions/Allowances:
  Federal: Standard  Withholding  Table, Non-resident
    alien

Social Security  Number:  XXX-XX-6315

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 35.13 | 526.95 | 2,460.00 |
| Double Time | 30.0000 | 2.83 | 84.90 | 279.60 |
| Additionalpay | 2.0000 | 37.97 | 75.94 | 346.66 |
| O/T Premium | 5.6385 | 2.83 | 15.96 | 78.28 |
| Surge Prm@$3 | 3.0000 | 13.50 | 40.50 | 54.00 |
| Surge Prm@$5 | 5.0000 | 4.50 | 22.50 | 235.65 |
| Ca Meal Prem | | | | 30.00 |
| **Gross Pay** | | | **$766.75** | 3,484.19 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal | 3.15 | |
| Sick | 5.78 | |
| Tot Work Hours | 37.96 | |

**Important Notes**
BASIS OF PAY: HOURLY

LEGAL ADDR 410 TERRY AVE NORTH SEATTLE WA 98109

@ THE SHIFT PAY RATE MAY NOT DISPLAY CONSISTENTLY
DUE TO CALCULATION METHOD AND ROUNDING.

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -76.61 | 341.12 |
| | Social Security Tax | -47.54 | 216.02 |
| | Medicare Tax | -11.12 | 50.52 |
| | CA State Income Tax | -14.94 | 44.50 |
| | CA SUI/SDI Tax | -7.67 | 34.84 |
| | **Other** | | |
| | 401K | -96.71* | 364.37 |
| | **Net Pay** | | **$512.16** |
| | Checking Dep. | -512.16 | |
| | **Net Check** | | **$0.00** |

**Additional Tax Withholding Information**
Taxable  Marital Status:
  CA:            Single
Exemptions/Allowances:
  CA:            0

Correction: 2.83 OT Hours for 05/17/20 - 05/23/20

**\* Excluded from federal taxable wages**
  Your federal taxable wages this period are $670.04

© 2000 ADP, LLC

---

PRIME  NOW LLC
ATTN: AMAZON PAYROLL
202 WESTLAKE  AVE N
SEATTLE , WA 98109

| | |
|---|---|
| **Advice number:** | **00000234336** |
| Pay  date: | 05/29/2020 |

| Deposited  to the account  of | | account  number | transit  ABA | amount |
|---|---|---|---|---|
| **AMBER  POPE** | | xxxxxx4082 | xxxx  xxxx | $512.16 |



# NON-NEGOTIABLE

EXHIBIT B

LAW OFFICES

# MAYALL HURLEY

A PROFESSIONAL CORPORATION

VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM III
NICHOLAS F. SCARDIGLI
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
JOHN P. BRISCOE
VLADIMIR J. KOZINA
RACHAEL ALLGAIER

SOUTHERN CALIFORNIA OFFICE
———
450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91203
(818) 646-6440

MAILING ADDRESS:
2453 GRAND CANAL BLVD.
STOCKTON, CALIFORNIA 95207

2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207-8253
FAX (209) 473-4818
TELEPHONE (209) 477-3833
WWW.MAYALLAW.COM

OF COUNSEL
J. ANTHONY ABBOTT

June 8, 2020

<u>**SUBMITTED TO THE LABOR AND WORKFORCE DEVELOPMENT AGENCY
VIA ONLINE CLAIM NOTICE TO:  HTTPS://DIR.TFAFORMS.NET/116**</u>

<u>**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**</u>

Prime Now, LLC
410 Terry Avenue North
Seattle, WA 98109

   Re: <u>Amanda Pope (SSN:  XXX-XX-6315; DOB:  10/17/1999)</u>

To Whom It May Concern:

   This office has been retained by Amanda Pope ("Ms. Pope") in connection with claims arising out of her employment with Prime Now, LLC ("Prime Now").  In accordance with California Labor Code section 2699.3, this letter shall serve as Ms. Pope's written notice to the Labor and Workforce Development Agency ("LWDA") and JM Eagle regarding the aforementioned violations.

   Throughout Ms. Pope's employment with Prime Now, she has been properly classified as an hourly, non-exempt employee entitled to pay for every hour worked and overtime as appropriate.  Throughout her employment and particularly since the COVID-19 pandemic, Ms. Pope and Prime Now's other non-exempt employees were not properly paid for overtime worked as Prime Now has not been paying the regular rate of pay for such work.  Beginning in and around March, 2020, Prime Now began paying Ms. Pope and its other non-exempt employees "additional pay" for each hour worked during the pandemic, as well as items of pay identified as "surge premiums" for work performed during certain shifts/hours.  See Wage Statement, attached as **Exhibit A**.  In addition, Prime Now has increased the hourly rate provided to employees for work performed beyond eight hours in a workday or forty (40) hours in a workweek to double the employee's base hourly rate (i.e. provided a shift premium to incentivize employees to work overtime).  These additional items of compensation, however, have not been included in determining the employee's regular rate of pay for the purposes of paying overtime premiums.

   For example, during the weekly pay period of May 17-23, 2020, Ms. Pope earned "additional pay of $2.00 for each of the 37.97 hours she worked, earned a "surge premium" of $3.00 for each of 13.50 hours worked, a "surge premium" of $5.00 for 4.50 hours she worked and a rate of $30.00 for 2.83 hours that she worked.  **Exh. A.**  Pope had a total of $750.79 in earnings for 37.97 hours of work, equating to a regular

June 8, 2020
Pg. 2

rate of $19.77 and an overtime premium of $9.88 per hour.[1]  Prime Now, however, only paid Pope at the "overtime premium" rate of $5.63 per hour, significantly less than the premium required by her regular rate. *Id*.

Ms. Pope and Prime Now's other non-exempt employees were entitled to meal and rest breaks in accordance with California law.  However, Ms. Pope and Prime Now's other non-exempt employees were not always authorized or permitted to take compliant meal and rest breaks.  Specifically, Prime Now often required Ms. Pope and its other non-exempt employees to work through meal and rest breaks due to understaffing and work demands and elected to pay them meal period premium wages instead.  Pursuant to California law, however, there is no "lawful choice" between providing off-duty meal and rest periods and/or paying meal period premiums under Labor Code 226.7.  *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244,

Because of the violations set forth above, the wage statements furnished by Prime Now to their non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

      a.     The gross wages earned, in violation of section 226(a)(1);
      b.     The total hours worked by the employee in violation of section 226(a)(2);
      c.     The net wages earned, in violation of section 226(a)(5); and
      d.     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

Because Prime Now failed, and continues to fail, to properly pay its non-exempt employees for all the overtime they work at the correct rate of pay, they are not timely paid all wages due and owing to them at the end of their employment.

Accordingly, and as set forth above, Ms. Pope contends Prime Now has violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194.  If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request the additional information, which I will provide to the extent it is available to me or my client.

If the LWDA does not intend to investigate these violations, Ms. Pope intends to file a civil complaint against Prime Now, pursuant to the Labor Code Private Attorney General Act of 2004 (Labor Code §§ 2698 – 2699.5), on behalf of herself and, as a proxy for the LWDA, on behalf of Prime Now's other current and other former employees within California.  Thank you for your attention in this matter.

      Regards,

      **MAYALL HURLEY P.C**

      By _____
                JENNY D. BAYSINGER

---

[1] Even if the shift premium/incentive provided for working overtime is not considered, Pope's regular rate is $18.65, with a corresponding overtime premium rate of $9.32.

# EXHIBIT A

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|-----|------|-------|-------|-----------|--|
| AUL | 081145 | 100500 | 8003 | 0000234336 | 1 |

4182-0015

# Earnings Statement



PRIME NOW LLC
ATTN: AMAZON PAYROLL
202 WESTLAKE AVE N
SEATTLE, WA 98109

Period Beginning:  05/17/2020
Period Ending:  05/23/2020
Pay Date:  05/29/2020

AMBER POPE
1212 W 124TH ST
LOS ANGELES CA 90044

Filing Status: Single/Married filing separately
Exemptions/Allowances:
  Federal: Standard Withholding Table, Non-resident
    alien

Social Security Number: XXX-XX-6315

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 15.0000 | 35.13 | 526.95 | 2,460.00 |
| Double Time | 30.0000 | 2.83 | 84.90 | 279.60 |
| Additionalpay | 2.0000 | 37.97 | 75.94 | 346.66 |
| O/T Premium | 5.6385 | 2.83 | 15.96 | 78.28 |
| Surge Prm@$3 | 3.0000 | 13.50 | 40.50 | 54.00 |
| Surge Prm@$5 | 5.0000 | 4.50 | 22.50 | 235.65 |
| Ca Meal Prem | | | | 30.00 |
| **Gross Pay** | | | **$766.75** | 3,484.19 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Personal | 3.15 | |
| Sick | 5.78 | |
| Tot Work Hours | 37.96 | |

**Important Notes**
BASIS OF PAY: HOURLY

LEGAL ADDR 410 TERRY AVE NORTH SEATTLE WA 98109

@ THE SHIFT PAY RATE MAY NOT DISPLAY CONSISTENTLY
DUE TO CALCULATION METHOD AND ROUNDING.

**Additional Tax Withholding Information**

| Taxable Marital Status: | |
|---|---|
| CA: | Single |
| Exemptions/Allowances: | |
| CA: | 0 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -76.61 | 341.12 |
| | Social Security Tax | -47.54 | 216.02 |
| | Medicare Tax | -11.12 | 50.52 |
| | CA State Income Tax | -14.94 | 44.50 |
| | CA SUI/SDI Tax | -7.67 | 34.84 |
| | **Other** | | |
| | 401K | -96.71* | 364.37 |
| | **Net Pay** | **$512.16** | |
| | Checking Dep. | -512.16 | |
| | **Net Check** | **$0.00** | |

Correction: 2.83 OT Hours for 05/17/20 - 05/23/20

* **Excluded from federal taxable wages**
  Your federal taxable wages this period are $670.04

© 2000 ADP, LLC

PRIME NOW LLC
ATTN: AMAZON PAYROLL
202 WESTLAKE AVE N
SEATTLE, WA 98109

Advice number:  00000234336
Pay date:  05/29/2020





| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| AMBER POPE | xxxxxx4082 | xxxx xxxx | $512.16 |

## NON-NEGOTIABLE